RENDERED: DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0253-ME

DUSTIN LEVI DAVIDSON                                              APPELLANT

v.               APPEAL FROM KENTON CIRCUIT COURT
HONORABLE CHRISTOPHER J. MEHLING, JUDGE
ACTION NO. 20-D-00002-001

ALICIA ANNE MARIE HOWARD                                          APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE: ACREE, KRAMER, AND TAYLOR, JUDGES.

ACREE, JUDGE: Dustin Levi Davidson appeals the Kenton Family Court's

January 15, 2020, domestic violence order ("DVO") entered in favor of Alicia

Anne Marie Howard. For the following reasons, we reverse.

## FACTS AND PROCEDURE

Howard failed to file an appellee brief. Accordingly, we accept Davidson's statement of the facts and issues as correct. CR[1] 76.12(8)(c)(i).

Howard petitioned the family court for an order of protection from domestic violence against Davidson on January 2, 2020. She alleged:

> I recently left an abusive relationship where I was physically abused on several occasions where I have been choked, pushed, grabbed up, squeezed, held down, touched inappropriately unwanted, dragged off the couch so hard my elbow busted open. He has threatened to kill me and himself. He has been blocked and still found a way to see my Facebook. I even tried to change my name. He keeps trying to find out where I am. Tells me he is going to send nude pictures of me around. I was also emotionally abused and I am just scared. He told me to get a restraining order then proceeded to laugh and tell me it was just a piece of paper he is also stalking my family online to see what I am tagged in. also [sic] threatening to have my children taken away.

An emergency protection order ("EPO") was entered in her favor.

Howard represented herself at the January 15, 2020, domestic violence hearing. She testified first, with the judge walking her through her petition.

The judge asked Howard about her allegations of physical abuse. She testified in generalities, noting that Davidson would often choke her, squeeze her

---

[1] Kentucky Rules of Civil Procedure.

-2-

arms, hold her down, and hold her against the wall.  However, she could not narrow her testimony to a time less than the two-year period of their relationship. She stated that Davidson used enough force to hurt her and make her cry, but never enough to leave bruises.  When the family judge asked what would give rise to these altercations, Howard initially could give no specifics.  However, after further elicitation, she stated that arguments and disagreements would lead to the altercations.  When asked about the subject matter of their disagreements, she said Davidson's accusation of her infidelity.

Howard did testify about one specific incident when Davidson allegedly pulled her off the couch.  According to Howard, she fell asleep on the couch, and Davidson allegedly grabbed her by the ankles and pulled her onto the floor because he wanted her to sleep in bed with him.  This, she said, caused her to cut her elbow.  She could only identify when this occurred by saying it happened "a few months ago."  Howard did not go to the hospital or take photographs of her injury.

The judge then questioned Howard about emotional harm.  Howard testified that Davidson would often call her foul names, threaten to have her

children taken away,[2] threaten to kill her and himself,[3] and threaten to distribute inappropriate photographs of her to others and place them on the internet. Lastly, she insinuated that Davidson was stalking her and her family through Facebook, even though she had changed her Facebook name. However, changing one's Facebook name does not disassociate pre-existing "friends" from the account.

On cross-examination, Howard acknowledged that she had no pictures, police reports, hospital records, or text messages to enter into evidence to corroborate her allegations against Davidson. Howard testified that the last time she saw Davidson was on December 21, 2019, nearly two weeks before she filed her petition. She testified that all she wanted was for Davidson to leave her alone. However, she admitted she was the only one trying to re-establish contact from December 21, 2019, to the date of the petition. Specifically, she admitted to sending Davidson a picture of a middle finger and a photograph of her holding an alcoholic beverage, in an attempt to aggravate him. In total, Howard texted Davidson twenty times during this period, and Davidson did not respond.

Regarding her Facebook stalking allegations, Howard acknowledged that she and Davidson were Facebook friends. She stated she was unaware that

---

[2] Davidson is not the father of Howard's two children.

[3] Davidson's counsel objected to her allegations that he threatened to kill her on the basis that Howard had filed for an EPO in Clermont County, Ohio, premised on the alleged threats. The petition was dismissed. Howard countered by saying there were other threats subsequent to the dismissal.

merely changing her Facebook name would not prevent him from seeing her Facebook page or her family's Facebook pages.

Howard was then asked about a December 14, 2019, incident when she allegedly threatened Davidson with a knife. She initially denied this happened. However, when subsequently asked about it by the judge, Howard acknowledged she did pull a knife on Davidson, but stated she meant it only as a joke. She was unable to explain the nature of the humor she intended to create.

Davidson testified last. He denied committing the physical and emotional abuse alleged by Howard, stating he has never put his hands on her. He said Howard misrepresented the context of the incident when he allegedly pulled her off the couch. He contended they were wrestling in a playful manner, that he picked her up to carry her to bed, and accidently dropped her, causing a rug burn on her elbow. According to Davidson, he did not threaten to take her children away. To the contrary, Howard's mother contacted Child Protective Services on two separate occasions, alleging that Howard was not properly caring for her children.

He also discussed their on-again-off-again relationship, noting that Howard would always leave him when she would come into money, such as a tax refund or school check, but when she ran out of money she would contact him wanting to reconnect.

After the hearing, the family court entered a DVO for a three-year period to end on January 15, 2023. On the docket sheet, the family court made the following findings: "[f]ind- choked her, intimidated her, pulled her off couch, threatened to publish nude pix [sic], made her dependent on him-squezzed [sic]." In the order itself, the family court checked one box in the additional findings section, such that the findings granted the petition "[f]or [Howard] against [Davidson] in that it was established, by a preponderance of the evidence, that an act(s) of domestic violence and abuse has occurred and may again occur . . . ." This appeal followed.

## ANALYSIS

On appeal, Davidson argues that Howard failed to meet her burden of establishing, by a preponderance of the evidence, that domestic violence occurred and that it may again occur. Specifically, he points to the lack of corroborating evidence and Howard's inconsistent testimony.

As noted, Howard failed to file an appellee brief. Our rules anticipate such an event. "CR 76.12(8)(c) provides the range of penalties that may be levied against an appellee for failing to file a timely brief." *St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014). A reviewing court may, in its discretion, "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain

-6-

such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." *Id.* (citation omitted).

We conclude that Davidson's statement of the facts and issues is consistent with the record and justifies our conclusion that they are correct. CR 76.12(8)(c)(i). We further conclude his arguments based on those facts and issues reasonably appear to sustain the relief he seeks. CR 76.12(8)(c)(ii). Therefore, we are confident in regarding Howard's failure to file a brief as a confession of error and reverse the judgment without further considering the merits of the case. CR 76.12(8)(c)(iii).

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Kenton Family Court's DVO entered on January 15, 2020, is reversed, and this matter is remanded for an order vacating the DVO entered against Davidson.

TAYLOR, JUDGE, CONCURS.

KRAMER, JUDGE, CONCURS IN RESULT ONLY.


BRIEF FOR APPELLANT:        NO BRIEF FILED FOR APPELLEE

Trisha M. Brunk
Independence, Kentucky